IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:10-CR-63-BO-2

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| JOSHUA JEFFERY SIMMERS, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an agent with the Federal Bureau of Alcohol, Tobacco, Firearms and Explosives, and defendant the testimony of the proposed third-party custodian, defendant's sister. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial. The government's motion is therefore GRANTED.

**Background**

Defendant was indicted on 3 March 2010 for the following offenses: knowing possession of stolen firearms (*i.e.*, a Ruger .22 caliber rifle and a Browning bolt-action rifle ("subject firearms")) and ammunition by a convicted felon on or about 23 January 2009, in violation of 18 U.S.C. §§ 922(j) and 924 (ct. 2); and receipt of firearms (*i.e.*, the subject firearms) by a person under indictment on or about 23 January 2009, in violation of 18 U.S.C. §§ 922(n) and 924 (ct. 4). The

evidence presented at the hearing showed that the charges arise from a break-in at a residence from which 13 firearms and other personal property were stolen, including the subject firearms. Police received information that defendant had guns from the robbery. A search of his residence located three firearms and other property from the robbery in his bedroom, including the subject firearms. Defendant later admitted to police that he purchased the Ruger rifle from his co-defendant, but denied knowledge of the Browning rifle. He said that he knew that items sold on the street were stolen. He also acknowledged that at the time he was under indictment for murder (the charges were later dismissed) and was prohibited from possessing firearms. His co-defendant and another man admitted to participating in the break-in and said that defendant helped plan it. The co-defendant also implicated defendant in four other break-ins.

## Discussion

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence reviewed above; the gun-related nature of the offenses charged; the circumstances of the offenses charged, including defendant's being on pretrial release for a New Jersey drug felony at the time of the alleged offenses and the apparent association of the charged offenses with a home break-in; defendant's criminal record, including convictions for the New Jersey drug felony referenced and a New Jersey eluding arrest misdemeanor post-dating the alleged offenses, another misdemeanor conviction, and five failures to appear; defendant's repeated failure to turn himself in to the investigating agent as agreed, although he eventually did so; defendant's ties to other states, namely, New Jersey and Georgia, and his history of interstate travel in association with the commission of crimes; the unsuitability of the proposed third-party custodial arrangement due to the high degree of flight risk and risk of danger presented by defendant, and the proposed custodian's

focus on school and her children; and, as indicated, the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, but finds that the factors favoring detention outweigh such evidence.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 4th day of February 2011.

James E. Gates
United States Magistrate Judge

3

Case 5:10-cr-00063-BO   Document 44   Filed 02/08/11   Page 3 of 3